IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHAWN EUGENE JOHNSON,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE MOTION FOR COMPASSIONATE RELEASE**<br><br>Case No. 2:16-cr-00068-DN<br><br>District Judge David Nuffer |

Defendant Shawn Eugene Johnson filed a pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).[1] Because Mr. Johnson fails to demonstrate that he exhausted his administrative remedies before filing his Motion, jurisdiction over the Motion is lacking. Therefore, Mr. Johnson's Motion[2] is DENIED without prejudice.

## DISCUSSION

"The First Step Act . . . modified 18 U.S.C. § 3582(c) to allow a defendant federal prisoner to file [a] motion [for compassionate release or a sentence modification] with the court him or herself."[3] However, before filing such a motion, a defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[4] If one of these requirements is satisfied, "a court may

---

[1] Petition for a Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Motion"), docket no. 44, filed May 11, 2020.

[2] *Id*.

[3] *United States v. Williams*, No. 2:17-cr-00417-DAK, 2020 WL 806026, *1 (D. Utah Feb. 18, 2020) (citing 18 U.S.C. § 3582(c)(1)(A); *United States v. Willis*, 382 F.Supp.3d 1185, 1187 (D. N.M. 2019)).

[4] 18 U.S.C. § 3582(c)(1)(A).

reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons warrant such a reduction,' and that such reasons 'could not reasonably have been foreseen by the court at the time of sentencing.'"[5] But if these jurisdictional requirements are not satisfied, the merits of a defendant's motion cannot be reached.

Mr. Johnson's asserts that on May 3, 2020, he submitted a request to Warden J. Andrews at the Federal Correction Complex in Petersburg, Virginia requesting that the Bureau of Prisons file a motion for compassionate release on his behalf.[6] Mr. Johnson provides not documentation supporting this assertion.

Mr. Johnson also asserts that, as of the date of he signed his Motion, Warden Andrews had not been granted the request.[7] This is curious because Mr. Johnson signed and dated his Motion on April 29, 2020, four days before he purportedly submitted his request to Warden Andrews. The postmark on the envelope Mr. Johnson used to mail his Motion to the court is dated May 7, 2020.[8] Based on the postmark, at most, Mr. Johnson waited four days after submitting his request to Warden Andrews before mailing his Motion to the court for filing. Therefore, Mr. Johnson has not exhausted his administrative remedies.

Although Mr. Johnson cites no legal authority that would permit the filing of his Motion before exhausting his administrative remedies, at least one district court (from the Southern District of Texas) has granted a motion for compassionate release without the defendant first attempting to exhaust or exhausting administrative remedies.[9] However, that case is not

---

[5] *Williams*, 2020 WL 806026, *1 (quoting 18 U.S.C. § 3582(c)(1)(A)(i); 28 C.F.R. § 571.60).

[6] Motion at 1; Exhibit 2, docket no. 44-2, filed May 11, 2020.

[7] Exhibit 2.

[8] Exhibit 3, docket no. 44-3, filed May 11, 2020.

[9] *United States v. Brannon*, 4:15-cr-00080 (S.D. TX).

persuasive. Beyond being outside the Tenth Circuit and the District of Utah, the court's order granting the compassionate release motion contains no jurisdictional analysis.[10] The nature of the emergency alleged in that case is also distinguishable based on the defendant's age (over 65 years); medical conditions (high blood pressure and high cholesterol); and the circumstances of the COVID-19 outbreak at the Federal Correction Complex in Oakdale, Louisiana (where guards, staff, and inmates have reportedly tested positive for COVID-19 infection, and inmates have died from complications arising from the virus).[11] Mr. Johnson is 39 years old;[12] is obese;[13] and has not provided any information regarding the circumstances of his confinement at the Federal Correction Complex in Petersburg, Virginia.

Mr. Johnson must demonstrate that he has satisfied the statutory prerequisites to filing a motion for compassionate release before the merits of his requested relief may be considered. Because Mr. Johnson fails to do so, jurisdiction over his Motion is lacking.

**ORDER**

IT IS HEREBY ORDERED that Mr. Johnson's Motion[14] is DENIED without prejudice.

Signed May 13, 2020.

BY THE COURT

David Nuffer
United States District Judge

[10] Order, ECF no. 286 in *United States v. Brannon*, 4:15-cr-00080 (S.D. TX), filed Apr. 2, 2020.

[11] Emergency Motion for a Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF no. 285 in *United States v. Brannon*, 4:15-cr-00080 (S.D. TX), filed Apr. 2, 2020.

[12] Motion at 1.

[13] *Id*. at 4; Exhibit 1, docket no. 44-1, filed May 11,2020.

[14] Docket no. 44, filed May 11, 2020.