IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHAWN EUGENE JOHNSON,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br><br>Case No. 2:16-cr-00068-DN<br><br>District Judge David Nuffer |

Defendant filed a pro se motion seeking compassionate release or a reduction of his prison sentence.[1] The government and the United States Probation Office oppose the Motion.[2] Because Defendant failed to demonstrate that his circumstances constitute extraordinary and compelling reasons to warrant compassionate release or a reduced sentence, Defendant's Motion[3] is DENIED.

**DISCUSSION**

"The First Step Act . . . modified 18 U.S.C. § 3582(c) to allow a defendant federal prisoner to file [a] motion [for compassionate release or a sentence modification] with the court him or herself."[4] However, to file such a motion, a defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

---

[1] Petition for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1) ("Motion"), docket no. 46, filed June 8, 2020.

[2] United States' Opposition to Defendant's Emergency Motion for Compassionate Release and Reduction of Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) ("Response"), docket no. 49, filed under seal June 17, 2020; First Step Act Relief Eligibility Report ("Report"), docket no. 48, filed under seal June 15, 2020; First Step Act Relief Recommendation ("Recommendation"), docket no. 48-2, filed June 15, 2020.

[3] Docket no. 46, filed June 8, 2020.

[4] *United States v. Williams*, No. 2:17-cr-00417-DAK, 2020 WL 806026, *1 (D. Utah Feb. 18, 2020) (citing 18 U.S.C. § 3582(c)(1)(A); *United States v. Willis*, 382 F.Supp.3d 1185, 1187 (D. N.M. 2019)).

defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[5] If one of these requirements is satisfied, "a court may reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons warrant such a reduction,' and that such reasons 'could not reasonably have been foreseen by the court at the time of sentencing.'"[6] In making this determination, the court must also consider the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable.[7]

Defendant submitted a request for relief under the First Step Act to Warden J. Andrews at the Federal Correction Complex in Petersburg, Virginia, on May 1, 2020.[8] Warden Andrews denied Defendant's request on May 22, 2020.[9] And on June 8, 2020, Defendant filed his Motion. Therefore, the Motion is procedurally proper and its merits may be addressed.[10]

Defendant argues that because his medical history places him in the high risk category of suffering serious complications or death if he contracts COVID-19, extraordinary and compelling reasons exist to warrant compassionate release or a reduced sentence.[11] Defendant asserts that he is 39 years old; has served 50 months of his 120-month prison sentence; and suffers from obesity.[12] Defendant also asserts that if granted relief, he will not be a threat to or burden on society because he will live by himself at a family rental and will work at his family farm in Enterprise, Utah.[13]

---

[5] 18 U.S.C. § 3582(c)(1)(A) (emphasis added).

[6] *Williams*, 2020 WL 806026, *1 (quoting 18 U.S.C. § 3582(c)(1)(A)(i); 28 C.F.R. § 571.60).

[7] 18 U.S.C. § 3582(c)(1).

[8] Motion at 7; Request for Reduction in Sentence, docket no. 46-1, filed June 8, 2020.

[9] Request for Reduction in Sentence.

[10] 18 U.S.C. § 3582(c)(1)(A).

[11] Motion at 1.

[12] *Id*. at 1, 3.

[13] *Id*. at 3.

The phrase "extraordinary and compelling reasons" is not defined in the statute. However, the United States Sentencing Commission has defined the phrase "to include serious medical conditions and the age of the defendant."[14] Specifically, "extraordinary and compelling reasons" exist for medical conditions when:

> (i) the defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) the defendant is (a) suffering from a serious physical or medical condition, (b) suffering from a serious functional or cognitive impairment, or (c) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.[15]

"Extraordinary and compelling reasons" exist for a defendant's age when the defendant:

> (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.[16]

"Extraordinary and compelling reasons" also include circumstances where "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the defendant's medical conditions and age.[17]

Defendant fails to demonstrate that his medical condition constitutes an extraordinary and compelling reason to warrant relief. Defendant does not assert that he is suffering from a

---

[14] *Williams*, 2020 WL 806026, *1 (quoting *United States v. Gutierrez*, No. CR 05-0217 RB, 2019 WL 2422601, *2 (D. N.M. June 10, 2019)).

[15] U.S.S.G. 1B1.13 at Commentary Application Notes 1(A).

[16] *Id*. at Commentary Application Notes 1(B).

[17] *Id*. at Commentary Application Notes 1(D). Certain family circumstances may also constitute "extraordinary and compelling reasons" to warrant relief. *Id*. at Commentary Application Notes 1(C). But such family circumstances are not applicable in this case.

terminal illness. He asserts only that he is obese.[18] He provides no evidence or argument regarding the seriousness of his condition, his likelihood of recovery, or the ways in which his condition negatively impacts him. Warden Andrews denied Defendant's request for relief because Defendant's medical issues "are being well managed at this point and are not causing a life-threatening medical problem."[19] Warden Andrews further determined that Defendant is "stable, can perform all Activities of Daily Living (ALD) independently and [his] medical issues [d]o not diminish [his] ability to function in a correctional setting."[20] Warden Andrews' determinations are supported by Defendant's prison medical records,[21] and they are not disputed by Defendant. On this record, Defendant fails to demonstrate that his circumstances rise to the level of a serious physical or medical condition; suffering from a serious functional impairment; or deteriorating physical health that substantially diminish his ability to provide self-care within a correctional facility.

Defendant also fails to meet the age-based factors for extraordinary and compelling reasons to warrant relief. Defendant is 39 years old.[22] He has not demonstrated that his medical conditions rise to the level of serious deterioration in physical health because of the aging process. And Defendant has not served at least 10 years or 75 percent of his prison term. He has served 50 months, which is less than half of his 120-month prison sentence.

Additionally, the combination of Defendant's medical condition and age, and the current COVID-19 pandemic do not constitute extraordinary and compelling reasons to warrant relief.

---

[18] Motion at 1, 3.

[19] Request for Reduction in Sentence

[20] *Id*.

[21] Defendant's BOP 2020 Medical Records, docket no. 49-3, filed under seal June 17, 2020.

[22] Motion at 1.

Defendant asserts that his obesity puts him in the high risk category for serious complications or death if he contracts COVID-19.[23] He also asserts that the following conditions of his confinement put him at risk of contracting COVID-19:

- Defendant is housed in a 2-man, bunk cell in Virginia Hall, which is near full capacity;

- Defendant is exposed to other inmates and prison staff when not in his cell, many of which do not wear masks or gloves;

- Kitchen, laundry, and commissary workers are taken out of their units to work with inmates from other units;

- Three days per week, approximately 140 inmates share six telephones and seven computers, which are not cleaned between uses;

- The commissary has been out of antibacterial soap for several months, and inmates are denied cleaning chemicals to clean their cells;

- Twice each day, every inmate has to form a single-file line to receive meals; and

- Defendant has been told by officers that some inmates and prison staff have tested positive for COVID-19.[24]

However, Defendant has not shown that he is any more likely to contract COVID-19 in custody than if released. The Bureau of Prisons has implemented stringent protocols in order to stop any spread of COVID-19 to inmates and staff.[25] These protocols include:

- All inmates in every institution are secured in their assigned cells for a period of at least 14 days;

- Only limited group gathering is permitted to facilitate commissary, laundry, showers, telephone, and computer access;

- All staff and inmates have been and will continue to be issued face masks and encouraged to wear an appropriate face covering when in public areas when social distancing cannot be achieved;

---

[23] *Id*.

[24] *Id*. at 5-6.

[25] *Id*.

5

- All newly admitted inmates are screened for COVID-19 exposure and symptoms;

- Asymptomatic inmates with risk of exposure are placed in quarantine for a minimum of 14 days or until cleared by medical staff;

- Symptomatic inmates are placed in isolation until they test negative for COVID-10 or are cleared by medical staff as meeting CDC criteria for release from isolation;

- Prison staff are temperature checked before entering the facilities, and any staff member with a temperature of 100.4 degrees Fahrenheit or higher is barred from the facility;

- Staff members having a stuffy or runny nose may be placed on leave by a medical officer;

- Official travel for prison staff, and most training, has been cancelled;

- Social and legal visits at facilities have been suspended since March 13, 2020; and

- Expanded COVID-19 testing for inmates.[26]

Defendant is incarcerated at Petersburg Low FCI, which has no known inmate or staff cases of COVID-19.[27] On the other hand, Utah has seen a recent spike in COVID-19 cases, with multiple days of record numbers of confirmed positive cases.[28] And the area in which Defendant plans to reside if released—Enterprise, Utah—is located in a region of "High Rate (>100)" positive COVID-19 incidences over the past 14 days.[29] On this record, Defendant fails to demonstrate that the combination of his medical condition and age, and the current COVID-19 pandemic constitute extraordinary and compelling reasons to warrant relief.

Finally, the relevant factors set forth in 18 U.S.C. § 3553(a) do not support granting Defendant compassionate release or a reduced sentence. Defendant was convicted of one count

---

[26] https://www.bop.gov/coronavirus (last visited June 23, 2020).

[27] *Id*.

[28] https://coronavirus.utah.gov/case-counts (last visited June 23, 2020).

[29] *Id*.

of Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).[30] The offense conduct included possession of over 600 images that involved a prepubescent minor; portrayed sadistic or masochistic conduct, or other depictions of violence; and was possessed, transmitted, or received on a computer or an interactive computer service.[31] Defendant had prior state convictions for Sexual Exploitation of a Minor—Second Degree Felonies—and had previously violated his probation.[32] Defendant was sentenced to 120 months—the minimum mandatory sentence[33]—with a life term of supervised release.[34] The serious nature and circumstances of Defendant's offense and his criminal history, the original 120-month minimum mandatory sentence, and the need to protect the public from further crimes weigh heavily against granting relief to Defendant.

Therefore, Defendant has failed to demonstrate that his circumstances constitute extraordinary and compelling reasons to warrant compassionate release or a reduced sentence.

**ORDER**

IT IS HEREBY ORDERED that Defendant's Motion[35] is DENIED.

Signed June 25, 2020.

BY THE COURT

David Nuffer
United States District Judge

---

[30] Judgment in a Criminal Case ("Judgment") at 1, docket no. 41, filed Nov. 18, 2016.

[31] Presentence Investigation Report ¶¶ 30-33, docket no. 36, filed under seal Sept. 29, 2016.

[32] *Id*. ¶ 46.

[33] 18 U.S.C. § 2252A(b)(2).

[34] Judgment at 2-3.

[35] Docket no. 46, filed June 8, 2020.